**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,
Plaintiff,

v.

STEPHEN WILLIAMS,
Defendant.

Case No. 21-cr-01572-BAS
Case No. 26-cv-03666-BAS

**ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 (ECF No. 80)**

## I. BACKGROUND

Defendant Stephen Williams drove through the Trusted Traveler SENTRI Lane from Mexico into the United States with 23.42 kilograms of methamphetamine in his gas tank. (Presentence Report ("PSR") ¶¶ 4–14, ECF No. 48.) Post-arrest, he admitted that he had been recruited by a friend to transport drugs in exchange for $6,000. (*Id.* ¶ 9.)

Mr. Williams pled guilty to importing methamphetamine. (Plea Agreement, ECF No. 42; *see also* ECF No. 43.) As part of his Plea Agreement, he waived his right to appeal or collaterally attack the sentence so long as the Court sentenced him to less

than 110 months in custody. (Plea Agreement § XI.)

Mr. Williams has a lengthy criminal record, including assault with a firearm with gang allegations (pled down from the originally charged attempted murder), second-degree robbery with a handgun, and vehicle theft. (PSR ¶¶ 40–49.) He was in criminal history category V. (*Id.* ¶ 51.) Mr. Williams had tattoos reflecting gang ties, as well as a portrait of drug kingpin El Chapo Guzmán. (*Id.* ¶¶ 70–71.)

The Court calculated Mr. Williams's offense level to be 23, finding that Mr. Williams was entitled to downward deductions for "minor" role, but not for "minimal" role, in the offense under United States Sentencing Guidelines ("U.S.S.G.") § 3B1.2. (Sentencing Tr. 8:15–9:4, ECF No. 75.) With a criminal history category of V, Mr. Williams's guideline range was 84–105 months. (*Id.*)

At sentencing, the Court noted, "I understand that you're saying all the gang activity and serious criminality is in the past . . . [but] you're still having some problems." (*Id.* 9:5–13.) The Court noted that Mr. Williams was importing a very large amount of methamphetamine and smoked marijuana on pretrial release then fled. (*Id.*) The Court found these circumstances to be aggravating. (*Id.*) Thus, on October 21, 2022, the Court sentenced Mr. Williams to 84 months in custody. (ECF No. 70.) Fourteen days later, after the time for appeal had expired, the judgment became final. *See United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (noting judgment becomes final when time for appeal expires); Fed. R. App. P. 4 (providing the notice of appeal must be filed within 14 days of entry of judgment).

Three years later, on November 1, 2025, Amendment 833 to the U.S.S.G. went into effect. This amendment expanded the circumstances under which a defendant is entitled to minimal and minor role in drug offenses. Specifically, the new guideline noted that a minimal role adjustment "is generally warranted if the defendant's primary function in the offense was plainly among the lowest level of drug trafficking functions, such as serving as a courier, running errands, sending or receiving phone calls or messages, or acting as a lookout." U.S.S.G. § 2D1.1(e)(2)(B). The minor role

adjustment, which Mr. Williams received at the time of sentencing, "is generally warranted if the defendant's primary function in the offense was performing another low-level trafficking function, such as distributing controlled substances in user-level quantities for little or no monetary compensation or with a primary motivation other than profit . . . ." The new guideline section noted that "the extent of the adjustment shall be based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case." *Id.* This amendment was not made retroactive. U.S.S.G. § 1B1.10(c).

Nonetheless, Defendant brings this Motion to Vacate, Set Aside, or Correct His Sentence under 28 U.S.C. § 2255, arguing that he should not just have received a minor role adjustment but should now also receive a minimal role adjustment under the new amendment. This change would decrease his original base offense level from 23 to 17. Mr. Williams's new guideline range would be 46–57 months.

## II. ANALYSIS

### A. Timeliness

The Government argues the Motion is untimely, and it was certainly brought more than one year after Mr. Williams's sentence became final. *See* 28 U.S.C. § 2255(f) (imposing a one-year limitation on a motion brought under this section). However, there is an argument that Mr. Williams did not and could not have discovered the fact of the new guideline range until the guideline amendment was passed in November 2025. Therefore, the Court proceeds to address the argument on its merits.

### B. Waiver of Appeal and Collateral Attack

Mr. Williams clearly waived his right to appeal and collaterally attack his sentence so long as the Court did not sentence him to more than 110 months in custody. (Plea Agreement § XI.) Mr. Williams does not claim this waiver was unknowing or involuntary. Thus, this waiver is enforceable. *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990) ("[I]t is not a due process

violation for a defendant to waive, in an otherwise valid plea agreement, the statutory right of appeal."); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding a knowing and voluntary waiver of collateral attack is enforceable). Since Mr. Williams does not claim his Plea Agreement was invalid or that his waiver of appeal and collateral attack was not knowing or voluntary, the Court may deny the Motion on this ground alone.

**C. Recalculation of Nonretroactive Sentencing Guidelines**

"The range of claims which may be raised in a § 2255 motion is narrow." *United States v. Wilcox*, 640 F.2d 971, 972 (9th Cir. 1981). "There is no basis for collateral relief under § 2255 unless the claimed error constituted a fundamental defect which inherently results in a 'complete miscarriage of justice.'" *Id.* at 973 (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)); *see also United States v. Dean*, 169 F. Supp. 3d 1097, 1113 (D. Or. 2016) (noting nonconstitutional sentencing errors are not cognizable on collateral review (citing *United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994))).

In *United States v. Berry*, 624 F.3d 1031 (9th Cir. 2010), the Ninth Circuit noted that a motion under § 2255 is not appropriate to request recalculation of sentencing guidelines because of a nonretroactive sentencing guideline amendment passed well after a defendant is sentenced. A motion under § 2255 "may only be used to collaterally attack a conviction and sentence upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." *Id.* at 1038. It may not be used in place of an appeal or to raise claims based on new evidence. *Id.* It requires "an independent constitutional violation." *Id.*

Like the defendant in *Berry*, Mr. Williams is simply requesting recalculation of his sentencing guidelines because of a nonretroactive sentencing guideline amendment passed three years after he was sentenced. Putting aside whether Mr. Williams would even be entitled to a minimal role adjustment as someone whose offense was "plainly among the lowest level of drug trafficking functions," since he

does not claim a constitutional violation, nor is there a claimed error that resulted in a complete miscarriage of justice, the Court finds the claim is not cognizable under § 2255.

**D. Certificate of Appealability**

If the court denies a § 2255 motion, it may issue a certificate of appealability if "jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Solid Ninth Circuit precedent supports this Court's conclusion both that a waiver of collateral attack is enforceable and that recalculation of a sentencing guidelines range based on a nonretroactive guideline amendment is unwarranted under § 2255. Therefore, the Court **DENIES** a certificate of appealability.

## III. CONCLUSION

For the reasons stated above, the Court **DENIES** the Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 80) and **DENIES** a certificate of appealability. The Clerk of Court shall close the civil companion case, Case No. 26-cv-03666-BAS.

**IT IS SO ORDERED.**

**DATED: September 15, 2026**

Cynthia Bashant

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**